**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**POLLY LOVE and TIMOTHY LOVE**                                               **PLAINTIFFS**

**V.**                                                                       **NO. 4:16-CV-00179-DMB-JMV**

**CHESTER'S DIESEL, LLC**                                                      **DEFENDANT**

**ORDER DENYING REMAND**

This motor vehicle collision action is before the Court on the motion to remand filed by Polly Love and Timothy Love. Doc. #7. Because the Court has jurisdiction over this case, the motion to remand will be denied.

**I
Procedural History**

On July 12, 2016, Polly Love and Timothy Love filed a complaint against Chester's Diesel, LLC ("Chester's"), in the Circuit Court of Bolivar County, Mississippi. Doc. #2. In their complaint, the Loves allege that on September 1, 2015, their vehicle was struck by a truck owned and operated by Chester's. *Id*. at ¶ 6. The Loves further allege that Polly "suffered significant bodily injuries in the collision" and that "[t]he injuries to Polly Love negatively affected the party's normal conjugal relationship as well as the household services that Polly Love provided to Timothy Love prior to the collision." *Id*. at ¶¶ 15–16. The complaint seeks damages "in the amount of $74,500.00 as actual and compensatory damages, plus all legal costs." *Id.* at 4. Chester's was served with a copy of the summons and complaint on or about July 26, 2016. Doc. #1-4.

On August 25, 2016, Chester's removed the state court action to this Court based on diversity jurisdiction. Doc. #1. On September 27, 2016, the Loves filed a motion to remand this

case for lack of subject matter jurisdiction. Doc. #7. Chester's responded to the motion on October 14, 2016. Doc. #9. The Loves did not file a reply in support of their motion to remand.

## II
## Standard of Review

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted). In this regard, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III
## Analysis

In its notice of removal, Chester's argues that this action implicates the Court's diversity jurisdiction. Diversity jurisdiction requires that there be (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. Complete Diversity

Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Valliancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). Here, the Loves are citizens of Mississippi. Doc. #2 at ¶¶ 2. Chester's is "a single-member limited liability company with its principal place of business in

Eudora, Arkansas, whose sole member, Chester Hensley is ... a citizen of Eudora, Arkansas." Doc. #1 at ¶ 17. Under these circumstances, the Court concludes that complete diversity exists. *See Tewari De-Ox Sys., Inc. v. Mtn. States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citizenship of limited liability corporation determined by citizenship of all its members).

### B. Amount in Controversy

In their motion to remand, the Loves argue that, because their complaint only seeks $74,500.00 in damages, the amount in controversy requirement is not met. Doc. #7 at 1. Chester's argues that, notwithstanding the claim for damages, the amount in controversy is satisfied by the complaint alone. Doc. #10 at 5–6. Chester's further contends that even if the complaint does not satisfy the amount in controversy, the grounds stated in the notice of removal demonstrate the required amount in controversy has been met. *Id*. at 7–10.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). However, if the plaintiff contests the defendant's assertion by filing a motion to remand, "the court must decide by a preponderance of the evidence whether the relevant amount in controversy is met." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Id*.

Where, as here, multiple plaintiffs assert claims against a single defendant, "[t]he general rule is that each plaintiff who invokes diversity of citizenship jurisdiction must allege damages that meet the dollar requirement of § 1332." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330

3

(5th Cir. 1995). However, aggregation "of damages allegedly owed to separate plaintiffs ... may be permitted in the limited situation where two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Id*. (internal quotation marks omitted). Where, as in this case, a husband and wife bring personal injury claims and a related loss of consortium claim, the propriety of aggregation "depends on the characterization of the claim by state law" as either an independent or derivative claim. *Penn v. Wal-Mart Stores, Inc.*, 116 F.Supp.2d 557, 568 n.12 (D.N.J. 2000). To this end, the Mississippi Supreme Court has made clear that under Mississippi law, when a loss of consortium claim is brought alongside a "primary personal-injury claim," "there is one cause of action and more than one plaintiff." *Estate of Klaus ex rel. Klaus v. Vicksburg Healthcare, LLC*, 972 So.2d 555, 562 n.8 (Miss. 2007). Accordingly, it is appropriate to aggregate the Loves' claims for the purpose of determining the amount in controversy.

### 1. Facially Apparent

"[J]urisdiction will be proper if it is facially apparent from the plaintiff['s] complaint that [the] claims are likely above $75,000." *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (internal quotation marks and alterations omitted).

As explained above, the Loves' state court complaint seeks damages "in the amount of $74,500.00 as actual and compensatory damages, plus all legal costs." Doc. #2 at 4. This damages claim is supported, in part, by the allegation that, as a result of the accident, Polly "suffered significant bodily injuries in the collision. She has undergone and continues to undergo significant pain and suffering as a result of the injuries to her body as a result of the collision." *Id*. at ¶ 15. The Loves allege that these damages were caused by "gross negligence which

4

evidences a reckless disregard for the safety of others." *Id*. at ¶ 13(e). In its notice of removal, Chester's argues:

> By their invocation of "legal costs," Plaintiff['s] are apparently seeking attorney's fees, which are not the sort of "costs" referred to in 28 U.S.C. §1332(a). Thus, Plaintiffs are seeking $74,500.00 in actual and compensatory damages plus attorney's fees. Attorneys fee requests are included in calculating whether the amount in controversy requirement is met. Attorney's fees in a case such as this, if awarded, would certainly exceed $500.00.

Doc. #1 at ¶ 19 (emphasis omitted).

Where a plaintiff pleads damages less than the jurisdictional amount, the facially apparent test is not met. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) ("The inquiry ... does not end merely because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith."). Because attorney's fees are included in the amount in controversy but "costs" are not, the facial value of the Loves' complaint depends on the meaning of "legal costs."[1] If the phrase does not include attorney's fees, then the Loves pled damages less than the jurisdictional amount and the facially apparent test is not met. If, however, the phrase can be deemed to include a request for fees, which would certainly exceed five hundred dollars in this case, the complaint satisfies the threshold.[2]

"[T]here seems to be no universally-accepted dictionary definition of the term 'legal costs.'" *U.S. Fidelity and Guar Co. v. Braspetro Oil Servs. Co.*, 369 F.3d 34, 77 (2d Cir. 2004).

---

[1] In this regard, the Court notes that, in their motion to remand, the Loves concede that they intend to seek attorney's fees but that this "claim [is] accounted for in Plaintiff's claim for relief." Doc. #7 at 1. Because a district court proceeding under the facially apparent test must "look only at the face of the complaint," *Allen*, 63 F.3d at 1336, the Court cannot consider the Loves' motion to remand statement in determining the facial value of the complaint.

[2] Attorney's fees may be included in determining the jurisdictional amount if such fees can be supported by applicable law. *Foret v. S. Farm Bureau Life Ins. Co*., 918 F.2d 534, 537 (5th Cir. 1990). Under Mississippi law "attorney's fees may be awarded in cases where punitive damages are, or would be, proper, but are not actually awarded." *Swartzfager v. Saul*, __So.3d__, No. 2015-CA-1187, 2017 WL 639781, at *8 (Miss. Feb. 16, 2017). Punitive damages may be appropriate in a vehicle crash case where the defendant acted with "such gross and reckless negligence as is, in the eyes of the law, the equivalent of willful wrong." *Dame v. Estes*, 101 So.2d 644, 645 (Miss. 1958). The Loves have alleged gross negligence.

Rather, "one of three standard dictionaries includes attorneys' fees in its definition of legal costs, while the others do not." *Id*. This Court, as it must, resolves this ambiguity in favor of remand and holds that the Loves' demand for legal costs does not include attorney's fees. Accordingly, the Court concludes that the requisite amount in controversy is not facially apparent from the Loves' complaint.

### 2. Summary Judgment-Type Evidence

In support of its notice of removal, Chester's attached as exhibits two settlement demand letters. On February 3, 2016, the Loves' counsel sent the first letter to the Columbia Insurance Group outlining Polly's injuries and representing that Polly suffered approximately $21,500.00 in medical expenses as a result of her injuries. Doc. #1-2. The letter states that "[b]ased upon all of the forgoing injuries, medical bills and loss [sic] wages, we are authorized to settle this claim for $125,000.00." *Id*. Approximately three weeks later, on February 22, 2016, the Loves' counsel sent a second letter, rejecting "[y]our insured's offer of $14,000.00." Doc. #1-3. The second letter states:

> Mrs. Love's vehicle was violently impacted three (3) times during the accident causing her body to be twisted, wrangled [sic], and slammed against the inner parts of her vehicle causing her to suffer head injury, neck injury, chest injury, and back injury.
>
> Considering 100% liability, violent impact collision, head and other injuries, amount of medicals, and the jurisdiction and venue of this case, your insured's offer is far out-of-line.
>
> My client's counteroffer is $111,000.00.

*Id*.

Additionally, Chester's submitted post-removal correspondence from counsel for the Loves stating that the Loves would not stipulate to refusing to accept more than $75,000.00. Doc. #9-1. Chester's argues, "The nature of Plaintiff's claims, the settlement demand letters, and

6

their counsel's refusal to stipulate they will never seek or accept in excess of the jurisdictional amount demonstrate by a preponderance of the evidence that the amount in controversy requirement is satisfied." Doc. #10 at 10.

"Pre-suit demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000." *Molina v. Wal-Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008) (collecting cases); *Raborn v. Con-Way Truckload, Inc.*, No. 15-2969, 2015 WL 6738599, at *3 & n.36 (E.D. La. Nov. 4, 2015) (collecting cases). "However, it can be inferred from several Fifth Circuit cases that such a practice is [only] permissible when the settlement offer reflects an honest assessment of the value of the plaintiff's claims." *McGlynn v. Huston*, 693 F.Supp.2d 585, 595 n.8 (M.D. La. 2010) (collecting cases). Additionally, a post-removal refusal to stipulate that damages do not exceed $75,000 may be "one factor in [the] jurisdictional analysis, [but] it is not conclusive evidence that Plaintiff's claims meet the amount in controversy requirement." *Johnson v. Petsmart, Inc.*, No. 16-3448, 2017 WL 360265, at *5 & n.83 (E.D. La. Jan. 25, 2017) (collecting cases).

In evaluating the reasonableness of the Loves' settlement demands, the Court notes that "[a]wards of thirty, forty, fifty, or even one hundred times the actual damages shown have been affirmed on appeal, due to the uncertainty of the monetary value placed on pain and suffering and future damages." *Harper v. Edwards*, 151 So.3d 1030, 1034 (Miss. Ct. App. 2014) (internal quotation marks and alterations omitted). Accordingly, the Court believes that, based on the more than twenty thousand dollars in medical expenses, the demand letters, which are based in part on a claim for pain and suffering, represent honest assessments of the value of the plaintiffs' claims and, therefore, serve as relevant evidence of the amount in controversy. *See, e.g., Leonard v. Sentry Select Ins. Co.*, No. 15-675, 2016 WL 1393382, at *2–3 (M.D. La. Mar. 11,

7

2016) ($215,000.00 settlement demand for "broad categories of damage" was honest assessment based on $12,344.85 in medical expenses); *Scott v. Office Depot, Inc.*, No. 14-791, 2015 WL 2137458, at *5 (M.D. La. May 7, 2015) ($300,000.00 demand not sham based on $21,315.49 in medical expenses). The Court further concludes that, based on the demand letters (which both exceed the amount in controversy requirement by more than thirty thousand dollars) and the record as a whole, including the Loves' refusal to stipulate, Chester's has shown, by a preponderance of the evidence, that the amount in controversy requirement has been met.

## IV
## Conclusion

For the reasons above, the Court concludes that this Court has subject matter jurisdiction over the Loves' claims. Accordingly, the motion to remand [7] is **DENIED**.

**SO ORDERED**, this 5th day of April, 2017.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**